**UNITED STATES of America, Plaintiff-Appellee,**

**Makah Tribe, Lower Elwha Band of Clallam Tribe, Port Gamble Band of Clallam Tribe, Suquamish Tribe, Lummi Tribe, Nooksack Tribe and Swinomish Indian Tribal Community, Intervenors-Appellees,**

v.

**STATE OF WASHINGTON, DEPARTMENT OF FISHERIES and Donald W. Moos, its Director, Defendants-Appellants.**

**Nos. 75–2835 and 76–1042.**

United States Court of Appeals, Ninth Circuit.

April 24, 1978.

James M. Johnson, Asst. Atty. Gen., Olympia, Wash., for defendants-appellants.

Kathryn A. Oberly, Washington, D. C., Harwood Bannister, Bannister, Bruhn & Cuningham, Mount Vernon, Wash., for plaintiff-appellee.

Alvin J. Ziontz, of Ziontz, Pirtle, Morisset, Ernstoff & Chestnut, Seattle, Wash., for intervenors-appellees.

Before CHAMBERS and KENNEDY, Circuit Judges, and JAMESON,* District Judge.

* Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

KENNEDY, Circuit Judge:

In the continuing litigation to implement and enforce the decrees we affirmed in *United States v. Washington*, 520 F.2d 676 (9th Cir. 1975), *cert. denied*, 423 U.S. 1086, 96 S.Ct. 877, 47 L.Ed.2d 97 (1976), the district court issued certain injunctions against the State of Washington to enforce an allocation of fishing rights between treaty Indians and other fishermen during the 1975 salmon fishing season. The State of Washington challenges the injunctions on this appeal. We have determined the appeal should be dismissed as moot.

The first injunctive order in question directed the State of Washington and its Department of Fisheries to adopt certain regulations to implement and enforce directives of the 1975 International Pacific Salmon Fisheries Commission ("IPSFC" or "Commission") pertaining to sockeye and pink salmon fishing in United States waters.[1] Since the Commission promulgates fishing regulations on a yearly basis, the 1975 Commission directives are now fully superseded by other Commission orders. If there were a likelihood that the district court would require the state to implement Commission regulations for subsequent seasons, the legal questions presented here might be ones "capable of repetition, yet evading review," and thus amenable to adjudication notwithstanding their moot character in this case. *Southern Pacific Terminal Co. v. Interstate Commerce Commission*, 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911); *see Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). That, however, is not the position here.

After the 1975 season, it became unnecessary to utilize state regulations to accommodate the Commission directives and the court decree. The United States has taken steps to remove treaty Indians from the jurisdiction of the Commission and regulates treaty Indian fishing solely through the Bureau of Indian Affairs. The Commission regulations are enforced against nontreaty fishermen by the National Oceanic and Atmospheric Administration through its subagency the National Marine Fisheries Service and by the United States Coast Guard. The 1975 injunction which required the state to adopt regulations is not, therefore, likely to be reissued for later years.

■ Appellant argues that, even if repetition of this injunction is unlikely, two of the legal premises relied on by the district court are of continuing importance in this litigation and should be addressed here. These questions are whether or not the Washington Department of Fisheries is required to adopt and enforce fishing regulations in a manner designed to give treaty Indians the opportunity to catch fifty percent of the available fish, and whether this court's holding in *United States v. Washington, supra*, dictates that any fifty percent allocation must apply to waters under the jurisdiction of the IPSFC. Questions regarding the nature and extent of the rights of treaty Indians to an allocation of the pink and sockeye salmon in IPSFC waters should not be discussed in a hypothetical context. Furthermore, the question of a percentage allocation is presented in *United States v. Washington*, 573 F.2d 1123 (9th Cir. 1978) (Nos. 77–3654 & 77–3655, filed April 24, 1978). These are not issues that threaten to elude review. Therefore we follow the rule that "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971); *see DeFunis v. Odegaard*, 416 U.S. 312, 316, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974).

■ The district court issued a second injunction directed to the Superior Court of

---

1. The IPSFC was created by the 1937 Convention between Canada and the United States to coordinate management of sockeye and pink salmon in the Fraser River system. 50 Stat. 1355 (1937). The Commission, composed of three American and three Canadian members, is authorized to issue regulations for supervising the fishery. These regulations, if approved by the respective countries, are ordinarily enforced in the United States through the cooperative efforts of federal and state agencies. 16 U.S.C. § 776d(a)–(b).

the State of Washington in and for the County of Thurston. The federal injunction ordered a stay of state court orders requiring the Washington Department of Fisheries to suspend fishing regulations then in effect for the 1975 season. The 1975 season has now passed and neither the order of the United States district court nor that of the state court has current force. Moreover, the situation that gave rise to the federal injunction is unlikely to recur since, as noted above, state agencies are no longer relied upon to allocate fishing rights in the fisheries controlled by the IPSFC as between treaty Indians and others. The issues presented by the order enjoining the state proceedings are now moot.

Thirdly, the district court issued a preliminary injunction to prevent the state from enforcing state regulations which restricted certain types of net fishing by the Swinomish tribe. The purpose of the state regulation was to give effect to IPSFC directives. This injunction has no practical consequence for the parties now. It is not likely to be reissued. The responsibility for enforcement of IPSFC regulations has now been assumed solely by federal authorities, and we think the appeal from this order is also moot.

It must be quite apparent that the case tendered for our decision here would require us to address procedural questions that touch upon fundamental principles controlling the delicate balance of state and federal power. Beyond those questions we would further be required to interpret substantive rights of the parties under *United States v. Washington* that are of great significance to the fishing industry in the Northwest. We would not serve the vital interests of the parties by addressing such questions in a hypothetical case while other pending cases present the issues in an active context.

We dismiss this appeal as moot.